UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEXSTAR MEDIA, INC.,

    Plaintiff,

v.   Case No: 8:22-cv-516-CEH-SPF

JAY IS 4 JUSTICE PODCAST, LLC,

    Defendant.
_____

## ORDER

This cause comes before the Court upon Plaintiff Nexstar Media, Inc.'s Motion to Vacate Evidentiary Hearing and for Award of Damages and Fees against Defendant Jay is 4 Justice Podcast, LLC. Doc. 33. After careful consideration, the Court will grant the motion and award Plaintiff statutory damages in the amount of $5,250.00, which reflects the minimum statutory damages.

### I.    DISCUSSION

This case stems from Defendant Jay is 4 Justice Podcast, LLC ("J4J") and Defendant Jennifer Jaros' redistribution of Plaintiff's live news coverage on a true crime YouTube channel. *See* Doc. 1. On March 4, 2022, Plaintiff filed a one-count complaint alleging copyright infringement against Defendants.[1] Doc. 1. Plaintiff moved for default judgment as to J4J (Doc. 29) and the Court granted the motion as

---

[1] Plaintiff voluntarily dismissed its claims against Jaros without prejudice on April 14, 2023. Doc. 35.

to liability. Doc. 30. The Court determined that J4J willfully infringed Plaintiff's rights in seven copyright-protected works. *Id.* at 6–8. However, Plaintiff failed to provide sufficient evidence from which the Court could calculate the copyrighted work's fair market value and the corresponding damages. *Id.* at 11. Thus, the Court decided to hold an evidentiary hearing to allow Plaintiff to supplement its briefing. *Id.*

Plaintiff now asks the Court to vacate the evidentiary hearing and instead assess minimum statutory damages of $750 for each of the seven infringed works, for a total of $5,250.00. Doc. 33 at 1. Plaintiff also seeks a determination that it is entitled to an award of reasonable costs and attorneys' fees, in an amount to be established post-judgment. *Id*. J4J has not responded to this motion.[2]

In a copyright infringement case, "a copyright owner may choose between two types of damages: actual damages and profits or statutory damages." *Jordan v. Time, Inc.,* 111 F.3d 102, 104 (11th Cir. 1997). "Courts have discretion to award between $750 and $30,000 in statutory damages for all infringements of each work under 17 U.S.C. § 504(c)." *StockFood Am., Inc. v. Smarter Changes, LLC,* No. 6:19-CV-391-PGB-DCI, 2019 WL 11499353, at *4 (M.D. Fla. Sept. 19, 2019), *adopted by* 2019 WL 11499358 (M.D. Fla. Oct. 4, 2019). Statutory damages must be calculated according to the number of separately copyrightable works infringed, not on the number of

---

[2] Jennifer Jaros (a/k/a Youngblood) filed a response to the Complaint on J4J's behalf (Doc. 20). This response was stricken because J4J is a limited liability company which must be represented by counsel and cannot proceed pro se. *See* L.R. 2.02(b)(2), M.D. Fla; Docs. 22, 23. J4J also filed a letter motion to set aside default (Doc. 31) and a letter motion to dismiss (Doc. 34), both of which were stricken for the same reason. Doc. 39.

infringements. *Disney Enters., Inc. v. Law,* No. 6:07-cv-1153-GKS-GJK, 2008 WL 203393, at *4 (M.D. Fla. Jan. 23, 2008). A copyright owner may elect statutory damages instead of actual damages at any time prior to final judgment. *See* 17 U.S.C. § 504(c)(1); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015); *Clever Covers, Inc. v. Sw. Fla. Storm Def.,* 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008).

As discussed in the Order granting default judgment as to liability, Plaintiff sufficiently pled its claim for willful copyright infringement with regards to seven copyrightable works. Doc. 1 at 10–22. Thus, it is entitled to at least $750 in statutory damages for each of the seven works that were infringed, for a total of $5,250. As plaintiffs may elect statutory damages at any time prior to final judgment under the Copyright Act, the Court will vacate the evidentiary hearing on damages, and award $5,250.00, the minimum applicable statutory damages.

Plaintiff also asks that the Court award it reasonable attorneys' fees and costs on two statutory grounds. Doc. 33 at 3. Plaintiff cites 17 U.S.C. § 505, which allows a Court to award reasonable attorneys' fees to the prevailing party in a Copyright Act matter, and 17 U.S.C. § 512(f), which provides that attorneys' fees may be awarded where a copyright owner has been injured because of an infringer's false counter-notification. Doc. 27 at 13–15.

The Court will award Plaintiff attorneys' fees as the prevailing party under 17 U.S.C. § 505. Under this section, fees are regularly awarded where a Court finds that they would deter future infringement, ensure that copyright owners have equal access

3

to the Court, and penalize the losing party as well as compensate the prevailing party. *Arista Records, Inc. v. Beker Enters., Inc.,* 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003). While there is no precise formula to decide whether to award attorney's fees, the court can look at factors such as "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance consideration of compensation and deterrence." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n.19 (1994). Additionally, a finding that the defendant acted willfully will also weigh in favor of awarding attorneys' fees. *Cable/Home Commc'n Corp. v. Network Prods., Inc.,* 902 F.2d 829, 854 (11th Cir. 1990).

Here, the Court has already found that Defendant's infringement was willful (Doc. 30 at 6-8). Although this is not a precondition to an award of fees, willful infringement "is an important factor in the district court's discretionary decision-making" and supports an award of fees here. *Montgomery v. Noga,* 168 F.3d 1282, 1303 (11th Cir. 1999). Moreover, the Court finds that an award of attorneys' fees would serve to deter future infringement by J4J and rightfully penalize it for the repeated infringement of Plaintiff's work. Thus, the Court will award Plaintiff reasonable costs and attorneys' fees in an amount to be established post-judgment.

Finally, as the Court determined in its order granting default judgment as to liability (Doc. 30 at 11–12), a permanent injunction will be entered by separate Order.[3]

---

[3] Pursuant to L.R. 3.01(f), M.D. Fla., Plaintiff may submit a draft permanent injunction order to the Court on or before June 9, 2023. The draft order should be submitted to Chambers_FLMD_honeywell@flmd.uscourts.gov.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion to Vacate Evidentiary Hearing and Award Damages and Fees (Doc. 33) is **GRANTED**.

2. Plaintiff Nexstar Media, Inc., is entitled to Judgment in its favor as to the copyright infringement claims against Defendant Jay is 4 Justice Podcast, LLC. Plaintiff, Nexstar Media, Inc. shall recover statutory damages in the amount of **$5,250.00** as to Count I. Plaintiff is also entitled to reasonable costs and attorneys' fees in an amount to be established post-judgment.

3. The Clerk is directed to enter a Judgment in the amount of **$5,250.00** in favor of Plaintiff Nexstar Media, Inc., and against Defendant Jay is 4 Justice Podcast, LLC.

4. A Permanent Injunction will be entered by Separate Order.

**DONE** and **ORDERED** in Tampa, Florida on May 25, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties