UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEXSTAR MEDIA, INC.,

      Plaintiff,

v.                                      Case No. 8:22-cv-516-CEH-SPF

JAY IS 4 JUSTICE PODCAST, LLC,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Following judgment for Plaintiff Nexstar Media, Inc. and against Defendant Jay is 4 Justice Podcast, LLC (Doc. 41), Plaintiff moves for entitlement to attorney's fees as the prevailing party under 17 U.S.C. § 505 and Local Rule 7.01 (Doc. 42). Upon consideration, the undersigned recommends that Plaintiff's motion be GRANTED.

    On March 4, 2022, Plaintiff Nexstar Media, Inc. filed a one-count complaint alleging copyright infringement against Defendant Jay is 4 Justice Podcast, LLC ("J4J") and its operator, Jennifer Jaros (Doc. 1).[1] Jennifer Jaros filed a response to the Complaint on J4J's behalf, but this response was stricken because J4J is a limited liability company which must be represented by counsel and cannot proceed *pro se* (Doc. 23). *See* L.R. 2.02(b)(2), M.D. Fla. ("A party, other than a natural person, can appear through the lawyer only."). Thereafter, J4J failed to retain counsel and file an answer to the

---

[1] Plaintiff later voluntarily dismissed its claim against Jennifer Jaros on April 14, 2023 (Doc. 35).

Complaint. Accordingly, Plaintiff moved for a Clerk's default, which the Clerk entered on July 13, 2022 (Doc. 25). Plaintiff then moved for final default judgment (Doc. 29).

The Court initially granted Plaintiff's motion for default judgment as to liability, but determined that an evidentiary hearing was necessary to determine Plaintiff's actual damages (Doc. 30). Shortly thereafter, however, Plaintiff moved to "vacate" the evidentiary hearing, electing instead to seek the minimum statutory damages of $750 per infringed work, as well as an award of reasonable costs and attorney's fees in an amount to be established post-judgment (Doc. 33). The Court then granted Plaintiff's motion and awarded $5,250.00 in statutory damages (Doc. 40). In its Order, the Court also addressed Plaintiff's request for an award of reasonable attorney's fees and costs. In particular, the Court stated:

> The Court will award Plaintiff attorneys' fees as the prevailing party under 17 U.S.C. § 505. Under this section, fees are regularly awarded where a Court finds that they would deter future infringement, ensure that copyright owners have equal access to the Court, and penalize the losing party as well as compensate the prevailing party. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003). While there is no precise formula to decide whether to award attorney's fees, the court can look at factors such as "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance consideration of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Additionally, a finding that the defendant acted willfully will also weigh in favor of awarding attorneys' fees. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 854 (11th Cir. 1990).
>
> Here, the Court has already found that Defendant's infringement was willful (Doc. 30 at 6-8). Although this is not a precondition to an award of fees, willful infringement "is an important factor in the district court's discretionary decisionmaking" and supports an award of fees here. *Montgomery v. Noga*, 168 F.3d 1282, 1303 (11th Cir. 1999). Moreover, the Court finds that an award of attorneys' fees would serve to deter future infringement by J4J and rightfully penalize it for the repeated

> infringement of Plaintiff's work. Thus, the Court will award Plaintiff reasonable costs and attorneys' fees in an amount to be established post-judgment.

(Doc. 40 at 3–4). Despite the foregoing, Plaintiff filed this Motion for Determination of Entitlement to Attorney's Fees (Doc. 42) "out of an abundance of caution" to comply with Local Rule 7.01(b). *See* L.R. 7.01(a), M.D. Fla. ("A party claiming post-judgment attorney's fees and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount."); *see also* L.R. 7.01(b), M.D. Fla. ("Within fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that: (1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award, (2) states the amount sought or provides a fair estimate of the amount sought, and (3) includes a memorandum of law.").

After consideration of the foregoing, the undersigned finds that the Court has already determined that Plaintiff is entitled to an award of attorney's fees and costs. As a result, Plaintiff's Motion should be granted.

As such, the undersigned **RECOMMENDS**:

(1) Plaintiff's Motion for Determination of Entitlement to Attorney's Fees and Non-Taxable Costs (Doc. 42) be **GRANTED**.

(2) Within 45 days of the order adopting this Report and Recommendation, Plaintiff be directed to file a supplemental motion regarding the amount of attorney's fees and expenses incurred under Local Rule 7.01(c), M.D. Fla. (2021).

It is so **REPORTED** in Tampa, Florida on July 20, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.